On March 6, 1998, the Stark County Grand Jury indicted appellant, Robert Hill, on one count of aggravated burglary in violation of R.C. 2911.11. Said charge arose from an incident on February 1, 1998 involving appellant's next door neighbor, Margaret Miller.
A jury trial was held on May 12, 1998. At the conclusion of the state's case-in-chief, appellant moved for acquittal. Said motion was denied. The jury found appellant guilty as charged. By judgment entry filed August 3, 1998, the trial court sentenced appellant to a definite term of three years in prison.
Appellant filed a notice of appeal and this matter is now before this court of consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN DENYING HIS MOTION FOR ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
II
 DEFENDANT-APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in denying his motion to acquit pursuant to Crim.R. 29. We disagree.
Crim.R. 29 states as follows:
Ms. Miller recounted the incident in pertinent part as follows:
 Then I saw Robert right behind him. Then right behind him Terry had this stick, and he hit the TV with it, and he hit the walls. And then that girl came back, Lisa, and she said I ain't going to let nobody harm you, honey, and she left.
 And then Terry was still hitting on the walls and the TV, and I was pushed on, on the daybed by Terry, and then he was going to hit me with the stick in my head, and I got underneath the daybed because, you know, trying to save my head and stuff, and Robert grabbed me from underneath and got me up, and then I fell back on the daybed. Terry hit me with a, with the stick across my leg. I had a big bruise mark on it.
T. at 151.
Included in the indictment was an aiding or abetting charge. Said charge is defined as "[o]ne who assists another in the accomplishment of a common design or purpose." Black's Law Dictionary (6 Ed. 1990) 68.
Upon review, we find Ms. Miller's testimony to substantiate that reasonable minds could reach different conclusions as to whether appellant aided or abetted an aggravated burglary. The trial court did not err in denying the motion to acquit.
Assignment of Error I is denied.
 II
Appellant claims he was denied the effective assistance of trial counsel. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, certiorari denied 110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
Appellant must establish "* * * but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696.
Appellant argues his counsel should have objected to the following inflammatory statement by Ms. Miller:
Q. But did you hear anyone say anything?
 A. They said we're going to get her, we got to get her, we got to get her because they knew I could identify them and they was going to kill me.
 Q. Could, could you, could you tell who that was that said that?
A. It was Robert.
Q. You recognized his voice?
A. Yea.
Q. And he said we've got to get her?
A. Right.
T. at 183-184.
Appellant argues this statement is a conclusion by Ms. Miller as to his state of mind. We disagree with this analysis because Ms. Miller clearly stated she heard appellant say "we've got to get her." This does not qualify as hearsay under Evid.R. 803(D)(2) which provides "[a] statement is not hearsay if: * * * [t]he statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity * * *. Furthermore, Ms. Miller testified she heard one of the assailants say he was going to kill her:
 And then Lisa comes back in, and I had a phone and I'm screaming please don't kill me because Terry said he's going to kill me, he's going to kill me and my boyfriend because he wants his money.
T. at 152.
Upon review, we find no deficiency in counsel's performance and no prejudice to appellant.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.